No. 2325.—E. W. BURBANK *v.* J. M. TAYLOR & SON.—JAMES A. WRIGHT, Intervenor.

23   751
48   703

Intervention is not the remedy for a third party who claims the ownership of property that has been released from seizure by a bond given by the defendant. In such a case the property should be pursued in the hands of the defendant.

A proceeding *in rem* can only be maintained where a privilege is shown to exist on the property seized.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Hornor & Benedict,* for appellant. *D. F. Mitchell,* for appellees. *E. D. Craig,* for intervenor.

LUDELING, C. J. The plaintiff, alleging that the defendants, residents of the parish of Jefferson, are indebted to him in the sum of $11,884 56, and that $4,367 thereof were for advances and supplies made to defendants in the year 1866, claims a privilege on thirty-five bales of cotton as a part of said crop, and sequestered the same in the parish of Orleans.

The defendants bonded the cotton, and subsequently J. A. Wright intervened and claimed to be the owner of the cotton.

After the cotton had been released on bond, Wright could not intervene to claim *the cotton.* He should have pursued the cotton in defendants' possession. 1 R. 277; Beal *v.* Alexander, 14 An. 52, 53; 17 An. 314; 18 An. 58; Dorr *v.* Kershaw.

The evidence fails to establish the right of the plaintiff to a privilege, and as the proceeding is *in rem,* and not against the defendants personally, who do not reside in the parish where the suit was brought, the plaintiff's demand must be rejected.

It is therefore ordered that the judgment of the District Court be affirmed, with costs of appeal.

Rehearing refused.